1  ALAN A. GREENBERG
   Nevada Bar No. 15922
2  JEMMA E. DUNN
   Nevada Bar No. 16229
3  MICHAEL A. BURNETTE
   Nevada Bar No. 16210
4  **GREENBERG GROSS LLP**
   1980 Festival Plaza Drive, Suite 730
5  Las Vegas, Nevada 89135
   Telephone: (702) 777-0888
6  Facsimile: (702) 777-0801
   *AGreenberg@GGTrialLaw.com*
7  *JDunn@GGTrialLaw.com*
   *MBurnette@GGTrialLaw.com*
8
   Attorneys for Plaintiff
9  Davi Perez-Reyes

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVI PEREZ-REYES, an individual, | Case No.: 2:24-cv-01895-APG-BNW |
| Plaintiff, | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| v. | |
| B&B MEDICAL SERVICES INC., an Oklahoma corporation, | **SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Davi Perez-Reyes by and through his counsel of record, Greenberg Gross LLP, and Defendant B&B Medical Services, Inc. ("Defendant"), by and through its counsel of record, the law firm of Levangie Long Loorz hereby stipulate to the following Joint Proposed Discovery Plan and Scheduling Order based on the following:

**Stipulated Discovery Plan**

1. **Initial Disclosures:** The parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f) on **January 23, 2025**. The initial disclosures will be made three weeks after the 26(f) by **February 13, 2025.** Aside from timing, the parties do not believe that any changes are necessary as to the form or requirement of disclosures under Rule 26(a).

2. **Discovery Cut-Off Date(s):** The last day of discovery shall be **July 7, 2025,** which is 182 days (as the 180th day falls on Saturday, July 5, 2025, a non-judicial day) from the date Defendant filed its Answer to Plaintiff's Complaint, of **January 6, 2025.**

3. **Amending the Pleadings and Adding Parties:** The parties shall have until **April 8, 2025,** which is ninety (90) days before the discovery cut-off date.

4. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of any expert witnesses shall be made sixty (60) days before the discovery deadline, by **May 8, 2025.** The disclosures of any rebuttal experts shall be due thirty-two (32) days (as the 30th day falls on Saturday, June 7, 2025) before the discovery deadline, by **June 9, 2025.**

5. **Dispositive Motions:** Dispositive motions may be filed no later than **August 6, 2025,** thirty (30) days after the discovery deadline. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the subsequent discovery cut-off date.

6. **Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial order shall be filed by **September 5, 2025**, which is not later than thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until

further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

7. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order. Extensions or Modifications of the Discovery Plan and Scheduling Order: In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

8. **Scope of Discovery:** The parties are in agreement that discovery will be needed on the Plaintiff's claims raised in the Complaint, and Defendant's denials and the affirmative defenses raised in the Answer. No changes should be made on the limitations of discovery imposed under Federal Rules of Civil Procedure or Local Rules. The Parties have agreed to discuss in good faith a stipulated protective order if requested discovery seeks disclosure of sensitive or confidential information including, without limit, personnel records related to any employee other than Plaintiff.

9. **Electronic Filing and Service:** The Parties attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to JDunn@GGTriallaw.com, MBurnette@GGTriallaw.com, and AMaciel@GGTriallaw.com and for Defendant, service shall be made by email to jeffery.long@llg-law.com, and holly.marquard@llg-law.com.

10. **Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image (e.g., .pdf or .tiff) file, while reserving the right

to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production of ESI, and meet and confer should any dispute arise.

11. **Electronic Evidence at Trial:** In compliance with Local Rule 26-1(b)(9), the parties certify they have discussed presenting evidence in an electronic format to jurors for the purposes of jury deliberations.

12. **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

13. **Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, but no agreement has been reached. The parties will continue to evaluate opportunities for alternative dispute resolution.

///

///

4

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

14. **Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c) and Local Rule 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program, but do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

Dated this 3rd day of February, 2025.

| | |
|---|---|
| /s/ *Michael A. Burnette* | /s/ *Jeffery C. Long* |
| ALAN A. GREENBERG | JEFFERY C. LONG |
| Nevada Bar No. 15922 | LeVangie Long Loorz |
| JEMMA E. DUNN | Nevada Bar No. 9430 |
| Nevada Bar No. 16229 | 2969 Prospect Park Dr., Suite 125 |
| MICHAEL A. BURNETTE | Sacramento, CA 95670 |
| Nevada Bar No. 16210 | |
| 1980 Festival Plaza Drive, Suite 730 | |
| Las Vegas, Nevada 89135 | |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 2/4/2025